UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PAUL MANCUSO,

                              Plaintiff,

                    v.                                          5:12-CV-1027
                                                                (LEK/TWD)
UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, LISA JACKSON,
TODD H. GLEASON, KEVIN MILLER,
MATTHEW W. MORRISON, MICHAEL
R. FISHER,

                              Defendants.

APPEARANCES

PAUL MANCUSO, 0937-052
Plaintiff *pro se*
Schuylkill Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 670
Minersville, PA 17954

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## **ORDER and REPORT-RECOMMENDATION**

        Presently before the Court are an amended *pro se* complaint, two applications to proceed *in forma pauperis*, a motion to appoint counsel, and a motion to appoint the United States Marshal to serve the summons and complaint filed by Plaintiff Paul Mancuso.  (Dkt. Nos. 2, 5, 7, 8, 10.) Generally, Plaintiff alleges that the United State Environmental Protection Agency ("EPA") wrongfully denied his Freedom of Information Act ("FOIA") requests.  (Dkt. No. 7.)  For the reasons discussed below, I grant Plaintiff's applications to proceed *in forma pauperis* (Dkt. Nos. 2, 5), deny Plaintiff's motion to appoint counsel (Dkt. No. 8) without prejudice, deny Plaintiff's motion to appoint the United States Marshal to serve the summons and complaint as moot in light of this Order and Report-Recommendation, recommend that the Court dismiss the claims against the individual defendants without leave to amend, and recommend that the case proceed against the EPA.

## I.    APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has applied to proceed *in forma pauperis*. (Dkt. Nos. 2, 5.)  A court may grant *in forma pauperis* status if a party "is unable to pay " the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).  After reviewing Plaintiff's *in forma pauperis* applications (Dkt. No. 2, 5), I find that Plaintiff meets this standard.  Therefore, Plaintiff's applications to proceed *in forma pauperis* are granted.

## II.    SCREENING OF THE COMPLAINT

### A.    Applicable Legal Standard

28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that  . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  In performing this screening of the complaint, the court has the duty to show liberality towards *pro se* litigants.  *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam).  "[E]xtreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond.  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

### B.    Allegations of the Complaint

Plaintiff alleges that he was the target of a criminal investigation by the EPA.  (Dkt. No. 7 at 2.) That investigation led to a criminal proceeding against Plaintiff in this Court.  *United States v. Mancuso*, No. 5:08-CR-0611 (FJS).  Plaintiff has provided a declaration filed in the criminal case as an attachment to his complaint in this action.  (Dkt. No. 7-1 at 1-4.)  In that document, an EPA agent declared that

Beginning in 2005, my office began investigating Paul, Steven, Lester, and Ronald Mancuso in connection with the illegal removal and disposal of regulated asbestos-containing materials ("RACM") as well as various . . . offenses associated with those environmental crimes.

As part of that investigation, my office accumulated a substantial volume of paperwork associated with the various shell companies that the aforementioned individuals set up . . . . [I]n reviewing their paperwork, we began noticing that certain handwriting appeared to be very similar in size and style, yet would be ascribed to the names of different individuals on the face of the document – i.e., the same handwriting appeared on multiple documents under different signatures.

In approximately September 2006, the United States requested that Paul, Steven, and Ronald Mancuso provide handwriting exemplars. They did so . . . .

Shortly after the exemplars were provided, the United States Attorney's Office for the Northern District of New York sent target letters to Paul, Steven, Lester, and Ronald Mancuso.

Thereafter, Ronald Mancuso attended a "proffer session" at the United States Attorney's Office for the Northern District of New York.

On August 28, 2008, Ronald Mancuso pled guilty to a one-count conspiracy . . . and entered into a "plea and cooperation" agreement.

As part of his proffer and subsequent cooperation under his agreement, Ronald Mancuso readily identified the handwriting of Paul Mancuso. He stated that his basis for being able to identify Paul Mancuso's handwriting was that "he was his brother" and he had seen his handwriting "for years."

During subsequent phases of the investigation, additional witnesses . . . were able to identify Paul and/or Steven Mancuso's handwriting based on prior familiarity therewith.

Based on these various witnesses' ability to identify Paul and/or Steven Mancuso's handwriting, my office and the United States Attorney's Office for the Northern District of New York determined that expert handwriting analysis was unnecessary. Accordingly, the handwriting exemplars provided by Paul, Steven, and Ronald Mancuso were never submitted for analysis.

(Dkt. No. 7-1 at 1-3.)

During the criminal proceeding, the prosecutor did not introduce the handwriting exemplars. *Id*. at 19, 21. Plaintiff and his co-defendants asserted that the prosecutor failed to provide them with the handwriting exemplars and/or analysis of the exemplars. *Id*. at 21, 25, 32. The prosecutor maintained that he was not required to turn over the information because the exemplars were never analyzed or used at trial. *Id*. at 23, 26. The prosecutor further maintained that Plaintiff's attorney had never requested a copy of the exemplars. *Id* at 23, 31.

A jury found Plaintiff guilty on October 28, 2009. *United States v. Mancuso*, Case No. 5:08-CR-0611, Dkt. No. 76. Plaintiff is currently serving his sentence at Schuylkill Federal Correctional Institution in Pennsylvania.

In 2011, Plaintiff began filing requests under the Freedom of Information Act ("FOIA") for various documents relating to his criminal prosecution. In his first request, Plaintiff requested the handwriting exemplars. (Dkt. No. 7 at 3.) Defendant Michael R. Fisher denied the request on September 21, 2011, pursuant to FOIA Exemption 7A. (Dkt. No. 7 at 3; Dkt. No. 7-1 at 5.) Exemption 7A exempts "records or information compiled for law enforcement purposes . . . to the extent that the production of such . . . records or information . . . could reasonably be expected to interfere with enforcement proceedings" from production under FOIA. 5 U.S.C. § 552(b)(7)(A). The record does not indicate whether Plaintiff appealed Defendant Fisher's denial to the next level of agency review.

In his second request, Plaintiff requested air monitoring reports. (Dkt. No. 7 at 3-4.) Defendant Fisher denied that request on November 22, 2011, pursuant to FOIA Exemption 7A. (Dkt. No. 7 at 4; Dkt. No. 7-1 at 6.) Plaintiff appealed to the next level of agency review. (Dkt. No. 7 at 4; Dkt. No. 7-1 at 8-9.) Defendant Fisher denied the appeal on February 15, 2012. (Dkt. No. 7 at 4; Dkt. No. 7-1 at 10-11.)

In his third request, Plaintiff requested inspection reports. (Dkt. No. 7 at 4; Dkt. No. 7-1 at 12.) Defendant Matthew W. Morrison denied the request pursuant to FOIA Exemption 7C on February 23, 2012. (Dkt. No. 7 at 4; Dkt. No. 7-1 at 13-14.) Exemption 7C exempts "records or information compiled for law enforcement purposes . . . to the extent that the production of such . . . records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy" from production under FOIA. 5 U.S.C. § 552(b)(7)(C). Plaintiff appealed to the next level of agency review. (Dkt. No. 7 at 4; Dkt. No. 7-1 at 14-15.) Defendant Kevin Miller denied Plaintiff's appeal on April 25, 2012. (Dkt. No. 7 at 5; Dkt. No. 7-1 at 14.)

In his fourth request, Plaintiff again requested the exemplars. (Dkt. No. 7 at 5.) Defendant Morrison denied the request pursuant to FOIA Exemption 7E on March 1, 2012. (Dkt. No. 7 at 5; Dkt. No. 7-1 at 16.) Exemption 7E exempts "records or information compiled for law enforcement purposes . . . to the extent that the production of such . . . records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions . . . if such disclosure could reasonably be expected to risk circumvention of the law" from production under FOIA. 5 U.S.C. § 552(b)(7)(E). Plaintiff appealed to the next level of agency review. (Dkt. No. 7 at 5; Dkt. No. 7-1 at 18.)

In his fifth request, Plaintiff again requested the exemplars. (Dkt. No. 7 at 5; Dkt. No. 7-1 at 17.) Defendant Morrison denied the request pursuant to FOIA Exemption 7E on April 18, 2012. (Dkt. No. 7 at 5.) Plaintiff appealed to the next level of agency review. (Dkt. No. 7-1 at 29.)

Defendant Miller denied Plaintiff's appeals regarding his fourth and fifth requests in a single letter dated May 30, 2012. (Dkt. No. 7 at 6; Dkt. No. 7-1 at 29-30.) Defendant Miller stated that the records were exempt from FOIA under Exemption 7E and that the information Plaintiff sought was not

"segregable" from non-exempt information.  (Dkt. No. 7-1 at 29-30.)

In this action, Plaintiff alleges that Defendants have wrongfully withheld the requested documents.  (Dkt. No. 7 at 6.)  Plaintiff alleges that Defendants' application of Exemptions 7A, 7C, and 7E was arbitrary, capricious, an abuse of discretion, and violated FOIA.  *Id*. at 7.  Plaintiff asserts that "[e]very FOIA request made by Plaintiff contains segregable information."  *Id*. at 8.

Plaintiff requests that this Court order Defendants "to produce all records requested for in camera inspection by the Court to determine if tests were performed on handwriting exemplars and what segregable material is available for production under FOIA."  *Id*.  Plaintiff further requests that the Court order Defendants "immediately to disclose the requested records in their entireties and make copies available to the plaintiff."  *Id*.  Plaintiff also requests costs and fees.  *Id*.

C.    Analysis

Plaintiff has named the EPA and five individuals as defendants in this action.  (Dkt. No. 7 at 2-3.)  Only the EPA is a proper defendant.  Under 5 U.S.C. § 552(a)(4)(B), the district court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."   An "agency" is "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency."   5 U.S.C. § 552(f).  "Individual federal officials are not proper defendants in a FOIA action because it is the *agency's* responsibility to produce records." *Jefferson v. Reno*, 123 F. Supp. 2d 1, 3 (D.D.C. 2000) (emphasis in original).  Therefore, I recommend that the Court dismiss the claims against Defendants Lisa Jackson, Todd H. Gleason, Kevin Miller, Matthew W. Morrison, and Michael R. Fisher without leave to amend.  I recommend that the action

-6-

proceed against the EPA.

## III.    PLAINTIFF'S MOTION FOR COUNSEL

Plaintiff moves for the appointment of counsel. (Dkt. No. 8.) For the reasons discussed below, Plaintiff's request is denied without prejudice.

First, Plaintiff has not demonstrated that he is unable to obtain counsel through the private sector or public interest firms. Therefore, the Court is not required to consider Plaintiff's request on the merits. *See Cooper v. A. Sargenti Co.*, *Inc*., 877 F.2d 170, 173-74 (2d Cir. 1989) (per curiam) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). However, because Plaintiff is incarcerated and indigent, the Court will nonetheless address the merits of Plaintiff's request. *See Cooper*, 877 F.2d at 174 ("If the indigent plaintiff is a prison inmate or a homeless vagrant, he may have no effective means of bringing his claim to the attention of the lawyer marketplace to have its merits appraised.").

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. *Hodge*, 802 F.2d at 60-61. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. *Id*. If so, the court should then consider

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge*, 802 F.2d at 61-62). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, "each case must be decided on its own facts." *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974

(N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

A review of the file in this matter reveals that the issue in dispute herein is not overly complex. Further, it appears to the Court as though, to date, Plaintiff has been able to effectively litigate this action. While it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial of this matter, as is the case in many actions brought by *pro se* litigants, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez*, 899 F. Supp. at 974. Furthermore, <u>it is highly probable that this Court will appoint trial counsel at the final pretrial conference</u> if this case survives any dispositive motions filed by the remaining Defendant. Finally, this Court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. The Court therefore finds that, based upon the existing record in this case, appointment of counsel is unwarranted. Plaintiff may only file another motion for appointment of counsel in the event he can demonstrate that, in light of <u>specific</u> changed circumstances, consideration of the above factors warrants the granting of such an application.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's applications to proceed *in forma pauperis* (Dkt. Nos. 2, 5) are **GRANTED**; and it is further

**RECOMMENDED** that the Court dismiss the claims against Defendants Lisa Jackson, Todd H. Gleason, Kevin Miller, Matthew W. Morrison, and Michael R. Fisher without leave to amend; and it is further

**RECOMMENDED** that if the Court adopts this Report-Recommendation, the Clerk issue a summons and forward it, along with a copy of the complaint and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to the

United States Marshal for service upon Defendant EPA; and it is further

**RECOMMENDED** that a formal response to Plaintiff's complaint be filed by Defendant as provided for in the Federal Rules of Civil Procedure subsequent to service of process on Defendant; and it is further

**RECOMMENDED** that the Clerk schedule a Rule 16 conference before the undersigned if this Report-Recommendation is adopted; and it is further

**ORDERED** that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel. **Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy was served upon all opposing parties or their attorneys is to be returned, without processing, by the Clerk.** Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All motions shall comply with the Local Rules of Practice of the Northern District; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation and General Order 25 on Plaintiff; and it is further

**ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 8) is **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff's motion to appoint the United States Marshal to serve the summons and complaint (Dkt. No. 10) is **DENIED** as moot in light of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of*

*Health and Human Svcs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.


Dated: November 5, 2012
      Syracuse, New York

                                        Thérèse Wiley Dancks
                                        United States Magistrate Judge