UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PAUL MANCUSO,

                Plaintiff,

      -against-                                  5:12-CV-1027 (LEK/TWD)

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

                Defendant.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

*Pro se* Plaintiff Paul Mancuso ("Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., seeking to compel the production of documents allegedly withheld by Defendant United States Environmental Protection Agency ("Defendant" or "EPA"). Dkt. No. 7 ("Amended Complaint").[1] Presently before the Court is Defendant's Motion for summary judgment. Dkt. No. 39 ("Motion"). For the following reasons, Defendant's Motion is granted.

**II.    BACKGROUND**

This action stems from Plaintiff's previous conviction for multiple counts of illegal removal of asbestos and related crimes. Dkt. Nos. 39-7 ("Statement of Material Facts") ¶ 1; 46-1 ("Statement of Material Facts Response") ¶ 1; see also United States v. Paul Mancuso, 5:08-CR-0611 (N.D.N.Y.). Following his criminal trial, Plaintiff filed several FOIA requests, which were

---

[1] Plaintiff originally named several individuals as defendants in this action. Dkt. No. 1 ("Original Complaint"). By Decision and Order dated January 2, 2013, the Court dismissed all defendants other than EPA, because an action under FOIA may only be brought against an "agency." See Dkt. No. 12.

denied by Defendant on the grounds that disclosure would interfere with the government's ability to respond to Plaintiff's appeal of his criminal conviction, and that other requested documents simply did not exist. SMF ¶ 2. Plaintiff then commenced this action seeking disclosure of the following documents: (1) handwriting exemplars Plaintiff provided to the government; (2) handwriting analysis reports; (3) air monitoring reports regarding two specific properties in Herkimer, NY and Poland, NY; and (4) inspection reports by EPA Agents Patrick Fracolla and Jeff Derx. Am. Compl. ¶¶ 12-14.

Subsequently, Plaintiff moved to compel production of the requested documents. See Dkt. Nos. 25; 28; 38. By Order dated December 20, 2013, U.S. Magistrate Judge Thérèse Wiley Dancks denied in part and granted in part Plaintiff's requested relief. Dkt. No. 43 ("December Order"). Regarding the handwriting exemplars, Judge Dancks denied Plaintiff's request as moot because Defendant had since provided the exemplars to Plaintiff. Dec. Order at 2.[2] Judge Dancks also denied that part of Plaintiff's Motions seeking disclosure of handwriting analysis and inspection reports because the requested reports do not exist. Id. However, Judge Dancks found that the "part of the [M]otion seeking air monitoring reports regarding the Herkimer, NY property and the Poland, NY property is granted insofar as Defendant is to provide either the reports, if they exist, or affidavits from the Syracuse, NY EPA supervisor and the relevant Regional EPA supervisor, which provide information detailing the search for such reports." Id.[3]

Consistent with the December Order, on January 10, 2014, Defendant submitted affidavits

---

[2] Plaintiff concedes in his Response to Defendant's Motion for summary judgment that he received the handwriting exemplars on November 18, 2013. Dkt. No. 46 ("Response") at 3.

[3] Plaintiff concedes that Defendant has provided him with air monitoring reports concerning other properties at issue in Plaintiff's underlying criminal matter, but contends that Defendant has failed to provide the reports for the two specific properties requested. Resp. at 5.

2

from three EPA supervisors, all of whom declared that the air monitoring reports requested by Plaintiff do not exist. See Dkt. Nos. 44-1 ("Mosher Affidavit"); 44-2 ("Rotola Affidavit"); 44-3 ("Stewart Affidavit"). Specifically, Eric Mosher ("Mosher") serves as Branch Chief in the Response and Prevention Branch, Emergency and Remedial Response Division, Region 2, New York, New York, which "provides notification of, responds to, and activates technical personnel for emergency incidents involving hazardous substance releases [including asbestos] . . . in the states of New York and New Jersey." Mosher Aff. ¶ 1. Mosher states that "EPA region 2 did not perform any response activities at 133 W. Smith Street, Herkimer, New York, and consequently there were no records concerning the Herkimer site in [thei]r possession." Id. ¶ 4.

Joe Rotolla ("Rotolla") acts as the Branch Chief of the Removal Action Branch, Emergency and Remedial Response Division, Region 2, New York, New York, which "is responsible for removal and response actions at hazardous waste sites and federally declared disasters in Region 2 (New York and New Jersey)." Rotolla Aff. ¶ 1. Rotolla states that his office did not conduct any activities related to asbestos removal at the Herkimer, New York address, and thus does not have any air monitoring reports for that location. Id. ¶ 3. However, Rotolla states that "there were EPA response activities in connection with Military Road, Poland, New York . . . [,] involv[ing] a number of bags of asbestos that were illegally disposed of at a privately owned landfill." Id. ¶ 4. Yet, "[t]he files related to this matter were searched and there are no records of air monitoring having been conducted at that location." Id.

Finally, Renee Stewart ("Stewart") is the Resident Agent in Charge of the Criminal Investigation Division ("CID") Syracuse, New York Resident Office. Stewart Aff. ¶ 1. Her office "conducts criminal investigations of environmental crimes in the Northern District of New York,

3

and maintains the case files which may include original documents for cases investigated by the Syracuse, New York Resident Office." Id. Stewart confirmed that "there were no case file documents related to [Plaintiff's] FOIA request located in the EPA CID Syracuse, New York Resident Office, New York, except for a copy of the case file which had already been provided . . . in February 2013." Id. ¶ 4. Furthermore, Stewart conducted a second review of the case file six months after her initial search, and again confirmed that the requested air monitoring reports do not exist. Id. ¶ 5.

## III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure instructs a court to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Although "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991).

The party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows that there is no genuine dispute as to any material fact, the burden shifts to the nonmoving party to demonstrate "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the

4

material facts." Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S. 574, 586 (1986). Mere conclusory allegations, speculation or conjecture will not avail a party opposing summary judgment. Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996).

At the same time, a court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). A court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994). "The role of the court is not to weigh the evidence and determine the truth of the matter, but rather to perform the 'threshold inquiry of whether there is the need for a trial.'" Feder v. Target Stores, No. 11-CV-3675, 2014 WL 1651955, at *2 (E.D.N.Y. Apr. 24, 2014) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249–50 (1986)).

## IV. DISCUSSION

As outlined *supra*, there is no dispute concerning the handwriting exemplars because they have been provided to Plaintiff. See Dkt. No. 39-1 ("Defendant's Memorandum") at 8; see also Resp. at 3, 6 (acknowledging receipt of the handwriting exemplars). Furthermore, there is no genuine issue of material fact regarding the handwriting analysis and inspection reports, because they do not exist. See Def.'s Mem. at 8; see also Dec. Order at 2. Thus, the only remaining issue before the Court is Plaintiff's FOIA request for disclosure of two specific air monitoring reports.

Defendant argues that it is entitled to summary judgment because it has provided Plaintiff with all air monitoring reports produced in connection with Plaintiff's criminal matter, and the additional reports Plaintiff seeks do not exist. Def.'s Mem. at 8. Plaintiff responds that Defendant's

affidavits are not sufficiently detailed to establish that the search for these reports was adequate. Resp. at 6-8, 10. Plaintiff also argues that Defendant has acted in bad faith. Id. at 6-10. Specifically, Plaintiff asserts that the air monitoring reports must exist from these locations because the government was required to assess the necessary clean up costs for the asbestos removal.[4] See id. at 6. Additionally, Plaintiff contends that Defendant's bad faith is evident in its repeated, erroneous claims that it had submitted the handwriting exemplars, when in fact it had not. Id. at 6-10.

**A. FOIA**

"Summary judgment is the procedural vehicle by which most FOIA actions are resolved." Jones-Edwards v. Appeal Bd. of NSA, 352 F. Supp. 2d 420, 423 (S.D.N.Y. 2005). For an agency to prevail on a summary judgment motion in a FOIA case, it "must demonstrate that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." Ruotolo v. Dep't of Justice, Tax Div., 53 F.3d 4, 9 (2d Cir. 1995). The government has "the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1993). Summary judgment may be granted on the basis of affidavits or declarations "supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption." Carney, 19 F.3d at 812.

Affidavits submitted by an agency are presumed to have been made in good faith. Carney,

---

[4] Plaintiff appears to assume that, in determining the clean up costs, the EPA must have necessarily completed air monitoring reports. See Resp. at 6. However, Plaintiff has provided no legal or factual support for this contention. See id.

19 F.3d at 812. If the agency's submissions are facially adequate, summary judgment is warranted unless the plaintiff can make a showing of bad faith on the part of the agency or present evidence that the exemptions claimed by the agency should not apply. Id.; see also Grand Cent. P'ship v. Cuomo, 166 F.3d 473, 478 (2d Cir. 1999) (noting that district court may grant summary judgment to an agency based on affidavits which contain "reasonable specificity of detail" if there is no evidence of bad faith). This presumption of good faith "cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Speculation that other documents exist, without more, "does not undermine the finding that the agency conducted a reasonable search." SafeCard, 926 F.2d at 120.

**B. Application**

The first issue is whether the affidavits provided by Defendant are sufficiently adequate. See Carney, 19 F.3d at 812. "When a plaintiff questions the adequacy of the search an agency made in order to satisfy its FOIA request, the factual question it raises is whether the search was reasonably calculated to discover the requested documents. . . ." SafeCard, 926 F.2d at 1201.

Here, Defendant requested searches from head officials at three offices most likely to possess the air monitoring reports: the two branches charged with responding to, and managing clean up efforts, for hazardous waste incidents in New York and New Jersey; as well as the Syracuse CID, who handles asbestos-related criminal investigations in the Northern District of New York. See generally Mosher Aff.; Rotolla Aff.; Stewart Aff. Thus, the searches were "reasonably calculated" to find the requested air monitoring reports, if they did in fact exist. See Cuomo, 166 F.3d at 489 (finding reasonable agency's search for the requested documents in "the four offices most likely to contain such documents"). Moreover, the affiants described the general subject

matter and contents of the files, as well as the documents that had previously been disclosed to Plaintiff. See Rotolla Aff. ¶¶ 3-4; Stewart Aff. ¶¶ 4-5; Garcia v. U.S. Dep't of Justice, Office of Info. & Privacy, 181 F. Supp. 2d 356, 366-67 (S.D.N.Y. 2002) (finding search adequate where agent's declaration included the file searched, its subject matter, the content of the file, and what had been released to plaintiff). Therefore, Defendant's submissions are facially adequate and, accordingly, are presumed to have been made in good faith. See Carney, 19 F.3d at 812.

Having found Defendant's search adequate, the next issue is whether Plaintiff can rebut the presumption of good faith. See Triestman, 878 F. Supp. at 672. Plaintiff first argues that Defendant's delay and repeated, mistaken assertions that it had turned over the handwriting exemplars are evidence of Defendant's bad faith effort to comply with Plaintiff's FOIA requests. See Resp. at 6-8. Defendant responds that it believed it had fully complied with Plaintiff's request; only later it discovered that it had mistakenly provided just the exemplars from Plaintiff's co-defendants, but not those written by Plaintiff. Def.'s Mem. at 8 n.1. Once Defendant learned of the oversight, it promptly provided Plaintiff with the correct exemplars. Id.

The Court finds that Defendant's initial error and delay in providing Plaintiff with the requested documents are insufficient alone to rebut the presumption of good faith afforded Defendant. See SafeCard, 926 F.2d at 1202 (noting that mere "mix-up[s] and . . . technical failings [by the agency] support neither the allegation that [the agency's] search procedures were inadequate, nor an inference that it acted in bad faith").

Furthermore, Plaintiff's argument that the requested air monitoring reports "must exist," and therefore Defendant's failure to provide them evinces bad faith, is unavailing. See Resp. at 6. As stated *supra*, Defendant has provided Plaintiff with the entire case file, including the few air

8

monitoring reports that were issued, and performed multiple rounds of searches to ensure compliance with Plaintiff's request. See Rotolla Aff. ¶¶ 3-4; Stewart Aff. ¶¶ 4-5. Plaintiff's assertion that the reports "must exist" is wholly conclusory and unsupported by any facts in the record. See Carney, 19 F.3d at 813 (affirming district court's denial of discovery to FOIA plaintiff where plaintiff's allegation that "huge classes" of documents had been withheld by the Department of Justice was "grounded in mere speculation" and there was "a complete lack of tangible proof" that such documents existed); see also Garcia, 181 F. Supp. 2d at 369 (rejecting plaintiff's claim that the requested documents were "surely created" but produced "no tangible evidence that such documents actually exist and are being withheld in bad faith"). Thus, Plaintiff has failed to show that Defendant acted in bad faith, and Defendant is therefore entitled to summary judgment.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 39) for summary judgment is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 22, 2014
Albany, NY

Lawrence E. Kahn
U.S. District Judge